1

2

3                              UNITED STATES DISTRICT COURT

4                             NORTHERN DISTRICT OF CALIFORNIA

5

6    JAMES  P.,                              Case No.  19-cv-1354-JSC

7                  Plaintiff,

8          v.                                **ORDER RE: CROSS-MOTIONS FOR
                                             SUMMARY JUDGMENT**

9    ANDREW SAUL,                            Re: Dkt. Nos. 18, 25

10                 Defendant.

11

12          Plaintiff seeks social security benefits for a variety of physical and mental impairments

13   including degenerative disc disease of the lumbar spine, status post lumbar fusion surgery,

14   arthritis, lumbar spoldylosis, tendinopathy of the left hip, and anxiety.  (Administrative Record

15   ("AR") 20, 198.)  Pursuant to 42 U.S.C § 405(g), Plaintiff filed this lawsuit for judicial review of

16   the final decision by the Commissioner of Social Security ("Commissioner") denying his benefits

17   claim.  Now before the Court are Plaintiff's and Defendant's Motions for Summary Judgment.[1]

18   (Dkt. Nos. 18 & 25.[2])  Because the Administrative Law Judge's weighing of Plaintiff's subjective

19   pain testimony is not supported by substantial evidence, the Court GRANTS Plaintiff's motion,

20   DENIES Defendant's cross-motion, and REMANDS for further proceedings consistent with this

21   Order.

22                                     **BACKGROUND**

23          Plaintiff filed applications for disability benefits under Title II of the Social Security Act

24   (the "Act") on April 27, 2015 alleging a disability onset date of February 21, 2014.  (AR 18, 195.)

25   His application was denied both initially and upon reconsideration.  (AR 85, 117.)  Plaintiff then

26

27   _____
     [1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C §
     636(c).  (Dkt. Nos. 8 & 9.)

28   [2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

submitted a written request for a hearing before an Administrative Law Judge ("ALJ") and his hearing was held before Judge Robert Freedman on September 29, 2017.  (AR 36.)  On December 13, 2012, the ALJ issued a decision finding that Plaintiff was not disabled.  (AR 18-31.)   The ALJ found that Plaintiff had the severe impairments of status post lumbar fusion, arthritis of the bilateral knees, lumbar spondylosis, and tendinopathy in the left hip, but that he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (AR 20-22.)  The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") for light work subject to certain limitations. (AR 22.)  The ALJ concluded that Plaintiff was not disabled because he was capable of performing jobs existing in significant numbers in the national economy. (AR 29-30.)

Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied.  (AR 1-3.)  Plaintiff then sought review in this Court. (Dkt. 1.)  In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment (Dkt. Nos. 18, 25), which are now ready for decision without oral argument.

### ISSUES FOR REVIEW

1.   Did the ALJ improperly weigh the medical evidence and reject the opinions of Plaintiff's treating and examining doctors?

2.  Did the ALJ err in weighing Plaintiff's subjective pain symptom testimony?

3.  Did the ALJ err in rejecting the lay witness testimony?

4.  Are the ALJ's Step Four and Step Five findings supported by substantial evidence?

### LEGAL STANDARD

A claimant is considered "disabled" under the Social Security Act if he meets two requirements.  *See* 42 U.S.C. § 423(d); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C § 423(d)(1)(A).  Second, the impairment or impairments must be severe enough that he is unable to do his previous work and cannot, based on his age, education,

and work experience "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's "residual function capacity," ("RFC") the claimant can still do her "past relevant work'" and (5) whether the claimant "can make an adjustment to other work." *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012); *see also* 20 C.R.F. §§404.1520(a), 416.920(a).

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* In other words, if the record "can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.,* 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). However, "a decision supported by substantial evidence will still be set aside if the ALJ does not apply proper legal standards." *Id.*

## DISCUSSION

### A.  The ALJ's Evaluation of the Medical Evidence

In the Ninth Circuit, courts must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (as amended (Apr. 9, 1996)). A treating physician's opinion is entitled to more weight than that of an examining physician, and an examining physician's opinion is entitled to more weight than that of

a nonexamining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "The opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record," and the ALJ "must provide clear and convincing" reasons for rejecting an uncontradicted opinion of an examining physician. *Lester*, 81 F.3d at 830-31.

Plaintiff challenges the ALJ's decision to give little weight to the opinions of (1) Plaintiff's treating medical providers Dr. Ong and Nurse Practitioner Ray, and (2) consultative examiner Dr. Rios.

### 1)  Treating Providers Dr. Ong and Nurse Practitioner Ray

Plaintiff's treating provider Dr. Ong and Nurse Practitioner Ray wrote Plaintiff eight off-work slips between February 2014 and March 2015—half are authored by Dr. Ong and half by Mr. Ray.  (AR 293-298.)  The ALJ gave little weight to these notices because (1) they were not supported by the objective medical evidence and inconsistent with the record as a whole; (2) Mr. Ray is not an acceptable medical source; (3) the notices "were of a limited duration and do not fully represent the Claimant's condition for the asserted disability period at issue;" and (4) the opinion was inconsistent with Plaintiff's activities of daily living.  (AR 26.)  Plaintiff contends that the ALJ erred in doing so because the "records show multiple serious orthopedic issues throughout the period Dr. Ong and PA-C Ray opined [Plaintiff] should remain off work" and because his activities of daily living demonstrate that he could sustain no more than sedentary exertional level activity.  (Dkt. No. 18 at 13:7-8.)

#### a)  Nurse Practitioner Ray

For the four off-work slips authored by Mr. Ray, the ALJ was only required to give "germane reasons" for rejecting his opinion.  When reviewing claims such as this filed prior to March 27, 2017, "a nurse practitioner is not an acceptable medical source," but is instead defined as an "other source[ ]" entitled to less deference. *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1527(f). "The ALJ may discount testimony from these other sources if the ALJ gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citation and quotation

United States District Court
Northern District of California

marks omitted).  The ALJ's rationale that Mr. Ray's opinion was inconsistent with the record as a whole and not supported by the overall medical evidence are germane reasons for rejecting Mr. Ray's opinion. Th ALJ discussed the medical evidence from this time period in detail.  (AR 24.)  *See Elsey v. Saul*, 782 F. App'x 636 (9th Cir. 2019) (holding that the ALJ gave germane reasons for rejecting a nurse practicioner's opinion where "the ALJ determined that [the nurse practicioner's] opinion was inconsistent with the other evidence provided"); *Shorter v. Saul*, 777 F. App'x 209, 211 (9th Cir. 2019) (holding that "[t]he ALJ properly rejected [the nurse practicioner's] opinions based on inconsistency with objective medical evidence").

### b)  Dr. Ong

The Court thus turns to the ALJ's treatment of Dr. Ong's opinions taking Plaintiff off work from roughly February 2014 through October 2014.  (AR 293 (February 21, 2014-April 5, 2014); AR 300 (June 9, 2014 through July 12, 2014); AR 294 (July 14, 2014 through August 15, 2014); AR 297 (August 16, 2014 through October 17, 2014).)

As a threshold matter, the ALJ's statement that Plaintiff's activities of daily living—which include that he lives alone and performs some household cleaning chores, laundry, making the bed, doing dishes, driving a car, and does his own shopping—undermine Dr. Ong's conclusion that Plaintiff could not work is not supported by substantial evidence.  That Plaintiff performs these activities of daily living does not mean he did not suffer from back, knee, and hip pain which would preclude him from working. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.")

The ALJ's finding that the objective medical evidence does not support the limitations recommended by Dr. Ong is, however, supported by substantial evidence.  During the time Dr. Ong wrote Plaintiff off work, he had two epidural shots which provided some relief, and as of October 2014—just prior to his lumbar fusion surgery—Plaintiff reported that he could walk a few blocks and biked for 30 minutes the day before. (AR 350, 365, 361.)    The ALJ's conclusion that

1    substantial evidence does not support Dr. Ong's conclusion regarding Plaintiff's functional

2    limitations from February to October 2014 is thus supported by substantial evidence.

3         Finally, Plaintiff does not challenge the ALJ's conclusion that Dr. Ong's opinions are from

4    a limited period of time and do not fully represent Plaintiff's condition during the full period of

5    claimed disability.  Thus, even if the Court were to find, which it does not, that the ALJ's finding

6    that the objective medical evidence did not support Dr. Ong's opinion regarding Plaintiff's ability

7    to work during the nine month period in 2014, Plaintiff does not dispute that Dr. Ong's opinion

8    does not indicate disability beyond October 2014.  *See Deluca v. Berryhill*, 721 F. App'x 608, 610

9    (9th Cir. 2017) (stating that plaintiff's failure to "specifically and distinctly" raise arguments

10   waives or forfeits the argument (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929

11   (9th Cir. 2003); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir.

12   2008)).).

13        In sum, the ALJ's discussion of Plaintiff's treatment history and the objective medical

14   evidence constitute specific and legitimate reasons supported by substantial evidence for assigning

15   only little weight to Dr. Ong's 2014 opinion.

16        **2)  Consultative Examiner Dr. Rios**

17        Dr. Rios examined Plaintiff on July 30, 2015 at the Agency's request.  (AR 421.)  He

18   concluded that Plaintiff was limited to walking and standing up to two hours per day because of

19   the range of motion limitation in his lumbar spine.  (AR 424.)  The ALJ found that Dr. Rios's

20   opinion was entitled to little weight because (1) it was "inconsistent with the record as a whole,

21   which shows functional range of motion within normal limits at the hips, knees, and ankles and

22   5/5 motor strength in the major muscle groups"; and (2) it was inconsistent with Dr. Rios's own

23   examination which showed that Plaintiff had a normal tandem gait although he walked with a

24   slight limp on his left leg and had 5/5 muscle strength in his upper and lower extremities. (AR 27.)

25        The ALJ's findings regarding Dr. Rios's opinion are supported by substantial evidence.

26   First, in Plaintiff's last documented medical visit prior to his examination with Dr. Rios in April

27   2015, Dr. Suen found that Plaintiff's back wound was well healed, his motor strength testing was

28   5/5 strength, and while there was some tenderness to palpation, Plaintiff evidenced good range of

United States District Court
Northern District of California

1    motion and his CT scar showed "good position of hardware and good position of cage."  (AR

2    305.)  Plaintiff does not argue that there is other evidence in the record which contradicts this

3    evidence, but instead faults the ALJ for not citing evidence, but the ALJ elsewhere in his opinion

4    described the medical evidence including this April 2015 exam.  (AR 24.)  *See Lewis v. Apfel*, 236

5    F.3d 503, 513 (9th Cir. 2001) (holding that while the ALJ must "discuss and evaluate the evidence

6    that supports his or her conclusion," the ALJ is not required to do so "under the heading

7    'Findings.'")

8         Second, Dr. Rios himself reiterated many of the April 2015 findings in his opinion.  While

9    he indicates that Plaintiff has limitation of the range of motion in his back, he also noted that

10   Plaintiff's straight leg raises were normal and his cervical and lumbar range of motion were within

11   normal limits.  (AR 423-424.)  These are specific, legitimate reasons supported by substantial

12   evidence for discounting Dr. Rios's opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

13   Cir. 1989). While the Court is required to examine the record as a whole, it may neither reweigh

14   the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d

15   947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational

16   interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

17   *Id*.

18                                          ***

19        In sum, the Court concludes that the ALJ's weighing of the medical evidence with regard

20   to Dr. Ong, PA Ray, and Dr. Rios is supported by substantial evidence.

21        **B. The ALJ's Evaluation of Plaintiff's Subjective Symptom Testimony**

22        The Ninth Circuit has "established a two-step analysis for determining the extent to which

23   a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th

24   Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical

25   evidence of an underlying impairment which could reasonably be expected to produce the pain or

26   other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal

27   quotation marks and citation omitted). "Second, if the claimant meets the first test, and there is no

28   evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her

United States District Court
Northern District of California

7

1    symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (internal

2    quotation marks and citation omitted).  If the ALJ's assessment "is supported by substantial

3    evidence in the record, [courts] may not engage in second-guessing." *See Thomas v. Barnhart*, 278

4    F.3d 947, 959 (9th Cir. 2002).

5              Here, applying the two-step analysis, the ALJ first determined that Plaintiff's "medically

6    determinable impairments could reasonably be expected to cause the alleged symptoms." (AR 23.)

7    Because Plaintiff met the first part of the test, the ALJ was required to provide "specific, clear and

8    convincing reasons" for rejecting Plaintiff's testimony regarding the severity of his symptoms, or

9    else find evidence of malingering. *Lingenfelter*, 504 F.3d at 1036.  The ALJ found no evidence of

10   malingering, but found that the evidence did not support Plaintiff's alleged loss of functioning

11   because his allegations were "not entirely consistent with the medical evidence and other evidence

12   in the record for the reasons explained in this decision." (AR 23.)

13             The ALJ's boilerplate finding is not a clear and convincing reason supported by substantial

14   evidence for rejecting Plaintiff's subjective allegations regarding his functional capacity. *See*

15   *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("An ALJ's vague

16   allegation that a claimant's testimony is not consistent with the objective medical evidence,

17   without any specific findings in support of that conclusion is insufficient for our review.")

18   (internal quotations omitted). "To discredit a claimant's symptom testimony when the claimant

19   has provided objective medical evidence of the impairments which might reasonably produce the

20   symptoms or pain alleged and there is no evidence of malingering, the ALJ must give 'specific,

21   clear, and convincing reasons for rejecting' the testimony by identifying 'which testimony [the

22   ALJ] found not credible' and explaining 'which evidence contradicted that testimony.'" *Laborin v.*

23   *Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (quoting *Brown–Hunter v. Colvin*, 806 F.3d 487,

24   489, 494 (9th Cir. 2015)).  Here, the ALJ did not give *any* reasons, and instead, discussed the

25   medical evidence at length, but did not tie that evidence to *any* particular portions of Plaintiff's

26   testimony that he found not credible.

27             Further, the objective medical evidence from 2016 and through Plaintiff's testimony in

28   September 2017 does not support the ALJ's findings, and instead, reflects that the ALJ improperly

United States District Court
Northern District of California

8

1    cherry-picked evidence which supported his conclusion while ignoring the medical evidence that

2    contradicts his conclusion. *See Cotton v. Astrue*, 374 Fed.Appx. 769, 773 (9th Cir. 2010) (holding

3    that an ALJ's "cherry-picking of [claimant's] histrionic personality out of her host of other

4    disorders is not a convincing basis for the adverse credibility finding"); *see also Williams v.

5    Colvin*, No. ED CV 14-2146-PLA, 2015 WL 4507174, at *6 (C.D. Cal. July 23, 2015) ("An ALJ

6    may not cherry-pick evidence to support the conclusion that a claimant is not disabled, but must

7    consider the evidence as a whole in making a reasoned disability determination.").

8         In particular, in his discussion of Plaintiff's February 2016 visit with Dr. Beaver, the ALJ

9    notes that his osteoarthrosis was "asymtomatomatic" (AR 25), but omits the full sentence which

10   was that "He is followed in my sports clinic for left hip pain due to gluteus medius/minimus

11   tendopathy and relatively asymptomatic hip OA" (AR 689).  Plaintiff reported pain in daily

12   activities of 8-9 out of 10.  (AR 690.)  Dr. Beaver diagnosed Plaintiff with "chronic pain

13   syndrome" and referred him to a 10-week pain management clinic.  (AR 692.)  The ALJ also cites

14   Plaintiff's physical therapy treatment notes from the same day noting that "[t]he range of motion

15   and neurological examination was within normal limits."  (AR 25 citing Exhibit 8F at 263 (AR

16   695).)  The actual treatment notes state that his neurological exam was "[w]ithin normal limits

17   except Bilateral lower extremities slightly diminished reflexes due to increased pain today" and

18   his "Manual Muscle Testing: bilateral lower extremities grossly 4-/5 sue [sic] to pain." (AR 695.)

19   Likewise, while the ALJ notes that Plaintiff was able to ambulate freely on August 9, 2016, he

20   fails to note that the observation was made immediately *after* Plaintiff had a caudal epidural

21   steroid injection.  (AR 25, 946-948.)  Prior to the procedure, Plaintiff noted that his back pain had

22   returned and that his prior caudal epidural steroid injection only provided relief for a month.  (AR

23   946.)  Finally, the ALJ refers to Plaintiff's October 2016 visit with Dr. Suen and again cites the

24   neutral findings while ignoring the portions of the treatment notes where Plaintiff reports that his

25   pain is 3-7/10 in his back and legs and that it is worse with standing and walking, but even sitting

26   is bad.  (AR 25, 1033.)  While Dr. Suen noted that it was unlikely that "a surgical target could be

27   found," he stated that they could consider hardware injections and that Plaintiff has "a lot more

28   pain which he localized to the trochanters" so they will consider further injections to the

United States District Court
Northern District of California

9

1    trochanters.  (AR 1034.)

2           And while the ALJ discusses at length the evidence which supports Plaintiff's condition

3    having improved in 2015 following his surgery, the ALJ ignores the evidence that suggests his

4    condition has worsened since that time, including his repeated diagnosis of chronic pain

5    syndrome.  For example,

6
- January 7, 2016 treatment note stating "Patient Demonstrates impaired gait, limited
7      lumbar range of motion, decreased left hip external rotation range of motion,
       decreased lower lumbar intervertebral mobility, negative neurological exam
8      consistent with left lateral hip pain possibly referring from lumbar spine.  Patient
       has chronic lower back, bilateral hip and knee pain which has affected his
9      participation in work and recreational activities.  (AR 612.)

10
- February 3, 2016 treatment notes describing Plaintiff's pain in detail and
11     diagnosing him with Chronic Pain Syndrome.  (AR 684, 688.)

12
- March 9, 2019 physical therapy notes diagnosing Plaintiff with "Chronic Pain."
13     (AR 773.)

14
- April 8, 2016 pain management clinic treatment notes indicating that his "[p]ain
       causes moderate significant interference with daily activities.  (AR 814.)
15
- April 19, 2016 indicating epidural steroid injection.  (AR 832.)
16
- August 9, 2016 treatment notes indicating second epidural steroid injection,
17     although patient noted relief from prior injection only lasted a month. (AR 946.)

18
- February 28, 2017 treatment notes diagnosing Chronic Pain Syndrome and noting
19     that his pain is at 7/10. (AR 1131-32.)

20
- April 27, 2017 treatment notes diagnosing Chronic Pain Syndrome and noting that
       his pain is at 7-8/10. (AR 1147-48.)
21
- May 15, 2017 treatment notes diagnosing Chronic Pain and noting that he has
22     chronic low back pain, knee hurt, and constant leg pains. (AR 1157.)

23   The ALJ's selective reliance on the treatment records which support his ultimate conclusion while

24   ignoring others—including those in the time period nearest to Plaintiff's hearing—was in error.

25          Finally, to the extent that the Commissioner offers other bases for the ALJ's credibility

26   determination, including Plaintiff's activities of daily living, none is specifically identified by the

27   ALJ as a basis for the credibility finding.  "Long-standing principles of administrative law require

28   [this court] to review the ALJ's decision based on the reasoning and factual findings offered by the

United States District Court
Northern District of California

ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citation omitted). "A clear statement of the agency's reasoning is necessary because [the court] can affirm the agency's decision to deny benefits only on the grounds invoked by the agency." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).  Even if this were not the case, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). That Plaintiff lives alone and performs some household cleaning chores, laundry, making the bed, doing dishes, drives a car, and does his own shopping does not mean he does not suffer from physical impairments which would preclude him from working. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").  Moreover, the ALJ ignores that Plaintiff testified that he performs all of these activities of daily living "with difficulty." (AR 60-66.)

Accordingly, the ALJ failed to provide specific, clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective testimony regarding his pain and functional limitations.

**C.  The ALJ's Assignment of Little Weight to Third-Party Statement**

[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (emphasis and citations omitted). An ALJ must provide "germane reasons for discrediting the testimony of lay witnesses." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). "Inconsistency with medical evidence is one such reason." *Id*.  Here the ALJ gave little weight to the third-party function report provided by Plaintiff's friend Gregory Wallace in June 2015.  (AR 23, 222.)  The ALJ noted that much of the third-party report is comprised of the response "does not apply," although Mr. Wallace does state that Plaintiff can

no longer engage in the hobbies of biking, hiking, and camping which they used to do together. (AR 222-226.)  The ALJ assigned little weight to Mr. Wallace's opinion because (1) the cause and duration of Plaintiff's lack of activity was not explained, and (2) there was nothing to suggest that Mr. Wallace had the professional expertise to render an opinion regarding Plaintiff's limitations due to his medical impairment. (AR 23.)

The ALJ failed to provide germane reasons for rejecting Mr. Wallace's third-party function report. First, to the extent the ALJ faulted Mr. Wallace for not indicating the duration of Plaintiff's lack of activity, Mr. Wallace actually stated Plaintiff had been unable to participate in these hobbies "for the last 3 years."  (AR 226.)  As for Mr. Wallace failing to identify the cause, Mr. Wallace states that it is "because of his disabilities"—nothing on the form asks him to specify the medical cause of Plaintiff's lack of activities.  (AR 227.) Second, lay witness testimony cannot be discredited due to lack of medical or vocational expertise. *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (finding that the ALJ's broad rejection of  law testimony because the third-party never saw the claimant at work "contradicts our insistence that, regardless of whether they are interested parties, friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to his or her condition.")  (internal quotation marks omitted).

* * *

Because the ALJ's consideration of Plaintiff's subjective pain symptom testimony is not supported by substantial evidence and the ALJ failed to offer germane reasons to reject Mr. Wallace's third-party function report, the ALJ's decision cannot stand. Given this, the Court need not consider Plaintiff's additional arguments regarding errors at Step 4 and 5 of the ALJ's analysis.  The ALJ's errors at Step 3 go to the heart of the disability determination and are not harmless. *See Treichler*, 775 F.3d at 1099 ("An error is harmless if it is inconsequential to the ultimate nondisability determination, or if the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.") (internal quotation marks and citations omitted); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("[A] reviewing court cannot consider the error harmless unless it can confidently conclude that no

United States District Court
Northern District of California

1    reasonable ALJ, when fully crediting the testimony, could have reached a different disability

2    determination.").

3        **C. Remand**

4        Plaintiff asks the Court to remand the case for the payment of benefits or, alternatively, for

5    further proceedings. When courts reverse an ALJ's decision, "the proper course, except in rare

6    circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v.*

7    *Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). A remand for an award of benefits is proper,

8    however, "where (1) the record has been fully developed and further administrative proceedings

9    would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for

10   rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly

11   discredited evidence were credited as true, the ALJ would be required to find the claimant disabled

12   on remand." *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017) (internal quotation marks and

13   citation omitted).

14       The first prong of the test is not satisfied here because the record has not been fully

15   developed.  Plaintiff's arguments to the contrary are all based on the Court finding that the ALJ

16   erred in rejecting Dr. Ong and Dr. Rios's testimony as their opinions form the basis of Plaintiff's

17   argument that he cannot perform more than sedentary work.  Nor is there evidentiary support for

18   Plaintiff's argument that he would be off task for more than 15 percent of the day because of his

19   chronic pain syndrome.  Accordingly, the record must be more fully developed.

20                                      **CONCLUSION**

21       For the reasons set forth above, the Court GRANTS Plaintiff's motion, DENIES

22   Defendant's cross-motion, and REMANDS for further proceedings consistent with this Order.

23       This Order disposes of Docket Nos. 18 and 25.

24       **IT IS SO ORDERED.**

25   Dated: August 4, 2020

26

27                                                    JACQUELINE SCOTT CORLEY
                                                      United States Magistrate Judge

28

United States District Court
Northern District of California