UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P.,<br><br>             Plaintiff,<br><br>     v.<br><br>ANDREW SAUL,<br><br>             Defendant. | Case No. 19-cv-01354-JSC<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 31 |

Plaintiff's counsel, Harvey Sackett, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in his successful appeal of the Commissioner of the Social Security Administration's denial of social security disability benefits. (Dkt. No. 31.) The motion is DENIED WITHOUT PREJUDICE for the reasons set forth below.

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151-52 (9th Cir. 2009) (en banc). As part of its reasonableness review, the "may require counsel to submit a record of hours spent and a statement of normal hourly billing charges." *Id*. at 1151. Because counsel bears the burden of demonstrating the reasonableness of the fees sought, such

motions are routinely supported by a declaration which identifies the number of hours spent litigating the action. *See, e.g.*, *Ebido v. Kajakazi*, No. 20-CV-04262-SVK, 2022 WL 14812645, at *1 (N.D. Cal. Oct. 25, 2022); *Monteith v. Comm'r of Soc. Sec.*, No. 18-CV-04481-DMR, 2021 WL 2435335, at *2 (N.D. Cal. June 15, 2021); *Young v. Berryhill*, No. 18-CV-01721-DMR, 2021 WL 2417121, at *2 (N.D. Cal. June 14, 2021); *Gibbs v. Saul*, No. 19-CV-06199-SK, 2021 WL 4980060, at *2 (N.D. Cal. Feb. 17, 2021).

     Here, Mr. Sackett seeks $31,000 in attorney's fee as compensation for his asserted 19.9 hours of work on this action. While Mr. Sackett attached several documents to his motion, including an "Itemization of Services Rendered," the documents are not accompanied by a declaration attesting to their authenticity under oath. *See* Civ. L.R. 7-5(a). The Court thus issued an order requiring Mr. Sackett to submit a supporting declaration attaching the documents on which he relied. (Dkt. No. 33.) In response, Mr. Sackett filed a declaration stating that there are "no extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters to support the underlying motion to authenticate those attached to the motion for attorney's fees" and "[t]he additional documents the documents speak for themselves." (Dkt. No. 34 at ¶ 2.)

     Local Rule 7-5(a) requires "[f]actual contentions made in support of or in opposition to any motion [to] be supported by an affidavit or declaration and by appropriate references to the record." Mr. Sackett's statements regarding the amount of time he spent on this matter are factual contentions. (Dkt. No. 31-1 at 4 ("Sackett spent 19.9 hours of this case") (citing Exhibit D).) The "Itemization of Services Rendered" attached to the motion as Exhibit D neither lists Mr. Sackett as the attorney who performed the work, nor is the accuracy of the time identified attested to under oath. (Dkt. No. 31-5.) Instead, the top of the document inexplicably identifies "Donna Wade Anderson," who is counsel of record from the Office of the Regional Chief Counsel for the Social Security Administration in this action. (*Id.*) Given the foregoing, the Court does not have sufficient information from which it can assess the adequacy of the fees sought.

     The motion for attorney's fees is therefore DENIED WITHOUT PREJUDICE.

//

2

This Order disposes of Docket No. 31.

**IT IS SO ORDERED.**

Dated: November 29, 2022

									JACQUELINE SCOTT CORLEY
									United States District Judge