UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　　Defendant. | Case No. 19-cv-01354-JSC<br><br>**ORDER RE: AMENDED MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 36 |

Plaintiff's counsel, Harvey Sackett, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in his successful appeal of the Commissioner of the Social Security Administration's denial of social security disability benefits. (Dkt. No. 36.) After careful consideration of Plaintiff's amended motion and the relevant legal authority, the Court determines that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the amended motion for attorney's fees pursuant to Section 406(b).

**BACKGROUND**

This case stems from Plaintiff's appeal of the Social Security Administration's ("SSA's") denial of social security benefits for a combination of physical and mental impairments, including: degenerative disc disease of the lumbar spine, status post lumbar fusion surgery, arthritis, lumbar spoldylosis, tendinopathy of the left hip, and anxiety. On August 4, 2022, the Court granted Plaintiff's motion for summary judgment, denied Defendant's motion, and remanded for further proceedings. (Dkt. No. 27.) On October 22, 2020, the Court granted the parties' stipulation and awarded Plaintiff's counsel $4,000 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 30.)

Following remand, Plaintiff was notified that he had been awarded disability benefits as of

August 2014. (Dkt. No. 36-3 at 2.) The total amount of past due benefits owed to Plaintiff was $164,795.10. (Dkt. No. 38 at 3.) The Agency withheld $41,198.78 from Plaintiff's past due benefits in case they needed to pay his representative. (*Id*.) Plaintiff's counsel thereafter filed a motion for attorney's fees for work performed in this Court under Section 406(b), and following orders from the Court, the now pending amended motion supported by a declaration from counsel. (Dkt. Nos. 31, 33, 35, 36.) Pursuant to Plaintiff and his counsel's contingency fee agreement for this case, counsel may seek fees up to 25 percent of any past-due benefits awarded to Plaintiff. (Dkt. No. 36-4.) Counsel requests fees in the amount of $31,000 which is approximately 19 percent of Plaintiff's past-due benefits. (Dkt. No. 36-1 at 2.) From this amount, Counsel will reimburse Plaintiff $4,000 for the previously awarded EAJA fees.

Plaintiff's counsel served Plaintiff with a copy of the motion. (Dkt. No. 36-9.) The Commissioner filed a response to the motion taking no position on the request for fees. (Dkt. No. 32.)

## LEGAL STANDARD

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court, for instance, remands for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include

1  analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel
2  to accumulate additional fees; whether the requested fees are excessively large in relation to the
3  benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at
4  1151-52.

5  A court must offset an award of Section 406(b) attorneys' fees by any award of fees
6  granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*,
7  698 F.3d 1215, 1218 (9th Cir. 2012).

## ANALYSIS

Plaintiff's counsel has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, Plaintiff's and counsel's contingency fee agreement is within the 25 percent threshold permitted under Section 406(b), as the agreement provides that counsel will not ask for a fee of more than 25 percent of the total past-due benefits awarded. (Dkt. No. 36-4 at 1.) Second, there is no indication that a reduction in fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff as she succeeded in having the Court remand this matter for further proceedings. Nor is the amount of fees, $31,000 excessive; in fact, this is less than 20 percent of Plaintiff's past-due benefits so well within the 25 percent threshold. *See, e.g.*, *Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept. 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in retroactive benefits); *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017) (awarding $15,278.00 in fees following an award of $76,391.00 in retroactive benefits); *Conner v. Colvin*, No. 13-CV-03324-KAW, 2016 WL 5673297, at *3 (N.D. Cal. Oct. 3, 2016) (awarding $17,746.00 in fees following an award of $94,987.60 in retroactive benefits). Lastly, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering fees when he accepted this case. Plaintiff and counsel entered into the contingency fee agreement prior to the filing of this action. (Dkt. No. 36-4 at 2.) At that time, the SSA had completely denied Plaintiff any requested benefits, and counsel could not know that the Court would remand to the

1  Commissioner. Accordingly, the Court finds that the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's counsel's amended motion for fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $31,000 payable to Sackett and Associates. Plaintiff's counsel is ordered to refund the previously awarded EAJA fees, in the amount of $4,000 to Plaintiff.

This Order disposes of Docket No. 36.

**IT IS SO ORDERED.**

Dated: December 19, 2022

JACQUELINE SCOTT CORLEY
United States District Judge